Filed 6/16/23  P. v. Deoliveirapaiva CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JEAN DEOLIVEIRAPAIVA,<br><br>        Defendant and Appellant. | A166103<br><br>(City and County of San Francisco Super. Ct. No. SCN233585 and CRI20013482) |

Jean Deoliveirapaiva appeals from a post-conviction order that revoked his probation on the ground that he violated its terms.  His attorney has filed a brief seeking our independent review of the appellate record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine whether there is any arguable issue on appeal.  We will dismiss the appeal.

## I.  FACTS AND PROCEDURAL HISTORY

### A.  Initial Conviction and Sentence

A complaint filed in December 2020 charged appellant with second-degree burglary of a vehicle (Pen. Code, § 459), receiving or buying stolen property (§ 496, subd. (a)), and possession of burglar tools (§ 466).[1]

---

[1]     All statutory references hereafter are to the Penal Code.  Appellant was initially charged as "Jean P. Paiva" but informed the trial court that his true name is Jean Deoliveirapaiva.

In January 2021, appellant pleaded guilty to violating section 459, and the remaining counts were dismissed.

In May 2021, the court suspended imposition of sentence and placed appellant on probation for two years. He was ordered to serve 36 days in county jail, with 36 days credit for time served. Probation conditions included obeying all laws, completing treatment programs identified by the probation department, checking in with probation within 72 hours of being released from custody, "maintain[ing] good contact" with his probation officer, and not knowingly possessing any firearm. Appellant was ordered to pay restitution in an amount determined by the probation department; he was also ordered to pay fines and fees, but the collection of those amounts was suspended due to his inability to pay them.

B. Revocation and Reinstatement of Probation in 2021

The probation department filed a motion to revoke appellant's probation in June 2021, alleging that he failed to report to probation and, on June 13, 2021, committed felonies and misdemeanors in San Bruno, including possession of a stolen vehicle (§ 496d, subd. (a)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), and receiving stolen property (§ 496, subd. (a)). Another motion to revoke probation on the same grounds was filed on July 7, 2021.

On September 16, 2021, appellant admitted violating probation, and the court reinstated probation on the same terms and conditions, with a termination date of May 16, 2023.

C. Revocation of Probation at Issue in This Appeal

On December 15, 2021, the probation department filed a motion to revoke appellant's probation based on an arrest by the San Mateo Police Department on November 23, 2021. Probation was summarily revoked.

2

A supplemental report filed on March 11, 2022, alleged that appellant was arrested in San Francisco on February 21, 2022, for violations including driving or taking a vehicle without consent (Veh. Code § 10851, subd. (a)), buying or receiving a stolen vehicle (§ 496d, subd. (a)), and possessing a firearm while a felon (§ 29800, subd., (a)(1)).

At a contested probation violation hearing on May 27, 2022, the prosecution introduced evidence that appellant failed to check in with the probation department, offering a probation report that indicated appellant had contacted the department only once between March 11, 2022, and the inception of probation in May 2021. The court admitted the probation report into evidence (as to the date of probation and the date of appellant's last check-in) over appellant's objection on the grounds of hearsay and lack of foundation.

The prosecution also produced evidence that appellant possessed a stolen vehicle and a firearm on February 21, 2022, in San Francisco. Officer Scherer of the San Francisco Police Department testified that he was on routine patrol with two other officers when they noticed a red Dodge Durango on Marin Street. Scherer observed another officer enter the license plate number of the vehicle into the Stolen Vehicle System (SVS), a computer database of license numbers of vehicles reported stolen; the system indicated the Dodge Durango was a stolen vehicle. The court overruled appellant's hearsay and foundation objections to the testimony.

Although the Durango was moving when the officers first spotted it, the driver (later identified as appellant) abruptly stopped the vehicle, reversed, and parked. The police activated the lights of their marked patrol vehicle. Appellant, the Durango's sole occupant, got out of the Durango and walked away. Officers detained appellant, and Officer Scherer attempted to contact

3

the Durango's registered owner with information he obtained from the SVS. Another officer searched the Durango and pointed out to Scherer a black firearm and a firearm magazine in the rear area of the vehicle that was accessible from the back seat and visible through the window.

The court found appellant had willfully violated the terms of his probation by failing to check in with his probation officer, by driving a stolen vehicle without permission, and by possessing a firearm.

The court revoked appellant's probation and sentenced him to the low term of 16 months in county jail, with 148 days credit for time served. The $300 probation revocation fine was suspended based on appellant's inability to pay.

Appellant filed a notice of appeal. His request for a certificate of probable cause was denied.

## II. DISCUSSION

Appellant's appellate attorney states in a declaration that she informed appellant of her intent to file a *Wende* brief, advised him that he could personally file a supplemental brief within 30 days of the filing of the *Wende* brief, and this Court could treat his appeal as abandoned pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 if he did not file a supplemental brief. We have not received a supplemental brief from appellant.

Where counsel has filed a no-issues brief on appeal from an appellant's conviction, this court ordinarily conducts an independent review as set forth in *Wende*. However, there is no right to independent review in an appeal from a post-conviction order revoking probation. (See *People v. Freeman* (2021) 61 Cal.App.5th 126, 134 [no right to *Wende* review of order finding violation of a condition of appellant's post-release community supervision commitment, as *Wende* review "was established to protect the federal

4

constitutional right to the effective assistance of counsel in a *direct appeal from a criminal conviction*"], italics added.)  Because no challenge to the order was raised in counsel's *Wende* brief and appellant did not file any supplemental brief, we will dismiss the appeal as abandoned.[2]

### III.  DISPOSITION

The appeal is dismissed.

---

[2]     In any event, after our review of the entire record, we find no arguable issue.

_____

Langhorne, J. *


We concur:


_____

Jackson, P.J.


_____

Burns, J.


*People v. Deoliveirapaiva*  / A166103

*      Judge of the Superior Court of Napa County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.